# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 7373 | **DATE** | 4/8/2004 |
| **CASE TITLE** | The Remington Tech Corporation vs. Ted Mlsna | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons stated in the Memorandum Opinion and Order, the court denies the appellee's Motion to Dismiss [#8]. Appellant's brief on appeal shall be filed by April 23, 2004. Appellee's response brief shall be filed by May 14, 2004; a reply brief may be filed by May 24, 2004.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | **4** number of notices | **Document Number** |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | APR 0 9 2004 date docketed | |
| | Notified counsel by telephone. | | | 13 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 2004 APR -8 PM 5:36 | 4/8/2004 date mailed notice | |
| MD | courtroom deputy's initials | Date/time received in central Clerk's Office | MD mailing deputy initials | |

| | | |
|---|---|---|
| THE REMINGTON TECH CORPORATION, | ) ) ) | |
| Appellant, | ) ) | |
| vs. | ) ) | Case No. 03 C 7373 |
| | ) | Judge Joan H. Lefkow |
| TED MLSNA, | ) ) | |
| Appellee. | ) | |

DOCKETED
APR 0 9 2004

## MEMORANDUM OPINION AND ORDER

On July 31, 2003, the United States Bankruptcy Court for the Northern District of Illinois found Debtor-Defendant-Appellant Ted Mlsna's ("Mlsna") debt to Plaintiff-Appellee Remington Tech Corporation ("Remington") non-dischargeable pursuant to §523(a)(6) in the amount of $312,849.46 plus reasonable attorney's fees and costs incurred. Mlsna and his original counsel received copies of the July 31, 2003, order, but the bankruptcy court inadvertently left Mlsna's current counsel, the attorney of record, off of the service list. On August 22, 2003, Mlsna filed a Motion for Extension of Time to Appeal. On September 5, 2003, the bankruptcy court granted Mlsna's motion, finding that his failure to meet the 10-day deadline for filing a notice of appeal was the result of an "admitted error in chambers." On September 8, 2003, Mlsna filed his notice of appeal with the clerk of the bankruptcy court. Remington subsequently filed a Motion to Dismiss for lack of jurisdiction over the subject matter of this appeal pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing that the bankruptcy court erred when it granted Mlsna's motion for an extension of time to appeal. For the reasons stated below, the court denies the motion.

## STANDARD OF REVIEW

In reviewing a bankruptcy court's decision, the district court functions as a appellate court and is authorized to affirm, reverse, modify, or remand the bankruptcy court's ruling. Fed. R. Bankr. P. 8013. The district court reviews factual findings of the bankruptcy court under a clearly erroneous standard, but reviews conclusions of law *de novo*. *In re Newman*, 903 F.2d 1150, 1152 (7th Cir. 1990); Rule 8013. The bankruptcy court's finding that Mlsna demonstrated "excusable neglect" is a finding of fact and will be reversed only if clearly erroneous. *See, e.g., Turner v. Ruta*, 173 B.R. 165, 166 (C.D. Ill. 1994); *In re LBL Sports Center, Inc.*, 684 F.2d 410, 412 (6th Cir. 1982)("The question of excusable neglect is left to the discretion of the Bankruptcy Court Judge whose decision should not be set aside unless the reviewing court has a definite and firm conviction that court below committed a clear error of judgment.").

## DISCUSSION

Bankruptcy Rule 8002(c) states that a "notice of appeal shall be filed with the clerk within 10 days of the date of entry of the judgment, order, or decree appealed from. . . . " Fed. R. Bankr. P. 8002(a). This 10-day period for filing a notice of appeal is "mandatory and jurisdictional." *Browder v. Director, Dept. of Corrections of Illinois*, 434 U.S. 257, 264 (1978), *reh'g denied*, 434 U.S. 1089 (1978). If a party fails to file a notice of appeal within the 10-day period, however, that party may file a motion to extend the time for filing a notice of appeal, which the bankruptcy judge may grant upon a showing of "excusable neglect." Fed. R. Bankr. P. 8002(c). Prior to 1993, lower courts generally interpreted "excusable neglect" strictly, allowing extensions only upon court error that led to the inaccessibility of a decision or extraordinary circumstances where not granting an extension would lead to injustice. Bruce H. White, *Review of Excusable Neglect Under Rule 8002*, 1997 AM. BANKR. INST. J. 26, 26 (1997).

The Supreme Court's decision in *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, however, changed the conception of "excusable neglect" substantially. The Court rejected a narrow conception of "excusable neglect" that required a showing of circumstances beyond the movant's control, stating that "Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." 507 U.S. 380, 388 (1993). A determination of excusable neglect, the Court explained, requires a broad, equitable determination that takes "account of all relevant circumstances surrounding the party's omission." *Id.* at 395. Specifically, the Court urged that lower courts take into consideration the following four factors: 1) "the danger of prejudice to the debtor," 2) "the length of the delay and its potential impact on judicial proceedings," 3) "the reason for the delay, including whether it was within the reasonable control of the movant," and 4) "whether the movant acted in good faith." *Id.* at 395. While the Court's discussion concerned a circuit split with regard to construction of "excusable neglect" in Bankruptcy Rule 9006(b)(1), almost all courts determining the issue have held that the *Pioneer* interpretation applies to Rule 8002. *See, e.g., Christopher v. Diamond Benefits Life Ins. Co.*, 35 F.3d 232, 236 (5th Cir. 1994); *Turner*, 173 B.R. at 167; *In re Hall*, 259 B.R. 680 (Bnkr. N.D.Ind. 2001).

The reasonable inference from the judge's remarks on the record is that he excused the neglect of the client Mlsna because, had the court not been neglectful, Mlsna's counsel, who had the knowledge of the rules and the delegated responsibility to lodge an appeal, would have

3

received the decision and filed the appeal on time.[1] In light of the *Pioneer* standard, the bankruptcy judge's finding that Mlsna's failure to file a notice of appeal within the 10-day limit was the result of "excusable neglect" is not clearly erroneous.

Remington's arguments to the contrary are unavailing. First, Remington argues that under Bankruptcy Rule 9022, lack of notice of entry of judgment is no excuse for failing to file a timely appeal. Fed. R. Bankr. Proc. 9022. The rule does specify that "lack of notice of the entry does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, but it specifically excepts relief *"as permitted in Rule 8002." Id.* (emphasis added.) As explained above, the bankruptcy judge's grant of an extension of time to Mlsna to file a notice of appeal was permitted by his finding of excusable neglect under Rule 8002. Second, Remington cites *In re Schwinn* in support of its argument that lack of notice of entry of judgment does not affect the time to appeal. 209 B.R. 887, 891 (N.D. Ill. 1997). However, unlike Mlsna, the appellant in *Schwinn* failed to file a motion for an extension of time pursuant to Rule 8002. *Id.* The court in *Schwinn* pointed out that an appellant's failure to file for an extension within the 20 days after the initial 10-day limit automatically takes away the district court's discretion to extend the time to appeal, even if excusable neglect is found. *Id.* Here,

---

[1] The bankruptcy judge identified "neglect of my staff and my failure to check the service list" as the reason counsel did not receive the Memorandum of Opinion in the ordinary course, commenting,

> "And I don't know that that fully constitutes the concept of excusable neglect in the last sentence of Rule 8002(c) in light of the fact that your client was on the opinion and would have received it in due course, and perhaps should have contacted you sooner than he did. But I'm going to grant your motion because of the admitted error in chambers. . . . *(cont.)*

Transcript of Sept. 5, 2003, at 5, ll. 8-17. Despite the bankruptcy court's failure to explicitly find excusable neglect, Remington argues from an assumption that the court did so. This court, therefore, assumes that Remington is not arguing here that Judge Squires did not make the necessary finding of fact.

4

Mlsna timely filed a motion for an extension, and the bankruptcy court's decision to grant the motion was not clearly erroneous.

Finally, the equitable factors other than the reason for the delay, as set out in *Pioneer*, weigh in favor of Mlsna here. Mlsna will be severely prejudiced if he is not able to seek appellate review of the decision which leaves him responsible for a judgment of more than $300,000, plus attorney's fees and costs; the delay occasioned by the late filing was minimal, certainly far less than that occasioned by Remington's challenge on the pending motion; and there is no allegation here that Mlsna has not acted in good faith in seeking to preserve his appellate rights. In light of all the circumstances presented, this court is satisfied that the bankruptcy judge's finding of excusable neglect was not clearly erroneous, and therefore, his decision to grant the motion to extend time to appeal was authorized by Rule 8002(c).

## CONCLUSION

For the reasons stated above, the court denies the appellee's Motion to Dismiss [#8]. Appellant's brief on appeal shall be filed by April 23, 2004. Appellee's response brief shall be filed by May 14, 2004; a reply brief may be filed by May 24, 2004.

Enter: _____
JOAN HUMPHREY LEFKOW
United States District Judge

Date: April 8, 2004